IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| TRUSTEES OF THE CHICAGO PAINTERS AND DECORATORS PENSION FUND, TRUSTEES OF THE CHICAGO PAINTERS AND DECORATORS WELFARE FUND, TRUSTEES OF THE CHICAGO PAINTERS AND DECORATORS DEFERRED SAVINGS FUND, TRUSTEES OF THE CHICAGO PAINTERS AND DECORATORS APPRENTICESHIP FUND, TRUSTEES OF THE CHICAGO PAINTERS AND DECORATORS SCHOLARSHIP FUND, AND TRUSTEES OF THE CHICAGO PAINTERS AND DECORATORS JOINT COOPERATION TRUST FUND, | ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) | |
| Plaintiffs, | ) ) ) ) | No. 19-cv-1615 Judge |
| v. K&J PAINTING, LLC, an Illinois limited liability company. Defendant. | ) ) ) ) ) | Magistrate Judge |

## COMPLAINT

Plaintiffs, TRUSTEES OF THE CHICAGO PAINTERS AND DECORATORS PENSION FUND; TRUSTEEES OF THE CHICAGO PAINTERS AND DECORATORS WELFARE FUND; TRUSTEES OF THE CHICAGO PAINTERS AND DECORATORS DEFERRED SAVINGS TRUST FUND; TRUSTEES OF THE CHICAGO PAINTERS AND DECORATORS JOINT APPRENTICESHIP FUND; TRUSTEES OF THE CHICAGO PAINTERS AND DECORATORS SCHOLARSHIP FUND; AND TRUSTEES OF THE CHICAGO PAINTERS AND DECORATORS JOINT COOPERATION TRUST FUND, by their attorneys, Donald D. Schwartz, James R. Anderson, Brian C. James , and ARNOLD AND

1

KADJAN LLP, complain against Defendant K&J PAINTING, LLC, an Illinois limited liability company, as follows:

## COUNT I

### Jurisdiction and Venue

1. Jurisdiction of this cause is based on Section 502 of the Employee Retirement Security Act of 1974, 29 U.S.C. Section 1132, 1145 ("ERISA"), as amended, and 28 U.S.C. Section 1331. Jurisdiction of this cause is also based on Section 301 of the National Labor Relations Act, 19 U.S.C. Section 185, and 28 U.S.C. Section 1331, and federal common law.

2. The Northern District of Illinois is the proper venue pursuant to 29 U.S.C. Section 1132(e)(2) as the Plaintiffs Funds are administered here in this judicial district.

### The Parties

3. The Plaintiffs are the TRUSTEES OF THE CHICAGO PAINTERS AND DECORATORS PENSION FUND; TRUSTEES OF THE CHICAGO PAINTERS AND DECORATORS WELFARE FUND; TRUSTEES OF THE CHICAGO PAINTERS AND DECORATORS DEFERRED SAVINGS FUND; TRUSTEES OF THE CHICAGO PAINTERS AND DECORATORS APPRENTICESHIP FUND; , TRUSTEES OF THE CHICAGO PAINTERS AND DECORATORS SCHOLARSHIP FUND; AND TRUSTEES OF THE CHICAGO PAINTERS AND DECORATORS JOINT COOPERATION TRUST FUND ("the Funds"), and have standing to sue pursuant to 29 U.S.C. Section 1132(d)(1).

4. The Funds have been established pursuant to collective bargaining agreements previously entered into between the Painters District Council No. 14 and its affiliated locals (the "Union") and certain employer associations whose employees are or were covered by one or more collective bargaining agreements with the Union.

5. The Funds are maintained and administered in accordance with and pursuant to the provisions of the National Labor Relations Act, 29 U.S.C. Section 186, *et seq.*, as amended, ERISA, 29 U.S.C. Section 1001, *et seq.*, and also pursuant to the terms and provisions of the collective bargaining agreements and Declarations of Trust ("Trust Agreement") which established the Funds.

6. Defendant K&J PAINTING, LLC, an Illinois limited liability company, ("KJ") is an employer engaged in an industry affecting commerce.

### The Agreements

7. KJ entered into a collective bargaining agreement ("Labor Agreement") with the Union on or about **April 8, 2013** whereby K&J agreed to be bound by the provisions of the Labor Agreement and any subsequent agreements negotiated between the Union and certain employer associations. In the Labor Agreement, KJ also agreed to be bound to the Plaintiffs' Funds' Declarations of Trust. A copy of the Labor Agreement is attached as "**Exhibit A**."

8. Pursuant to the provisions of the Labor Agreement and Trust Agreements, KJ is required to make periodic contributions to the Funds for each hour worked by its bargaining unit employees at the rate and in the manner specified by the Labor Agreement and the Trust Agreements. In addition, KJ is required to make contributions to the Funds measured by hours worked by subcontractors performing painters' or tapers' work who fail to make contributions to the Funds.

9. Under the terms of the Labor Agreement and Trust Agreement to which it is bound, KJ is required to submit all necessary books and records to Plaintiffs' auditor for the purpose of determining whether or not KJ is in compliance with its obligation to contribute to the Funds.

## The Claim

10. Plaintiffs obtained an audit of KJ, which demonstrates that KJ has breached the provisions of the Labor Agreement and Trust Agreement by failing to pay all of the amounts on the audit for the period of April 1, 2013 through June 30, 2018 in the amount of **$8,174.75.** Pursuant to those agreements, KJ also owes at least **$4,978.59** in unpaid liquidated damages on reports that were not paid in accordance with the due dates in the Labor Agreement through April 2017.

11. Plaintiffs have been required to employ the undersigned attorneys and their law firm to collect the monies that may be found to be due and owing from KJ.

12. KJ is obligated to pay the attorneys' fees and court costs incurred by the Plaintiffs pursuant to the Labor Agreement, the Trust Agreements, and 29 U.S.C. Section 1132(g)(2)(D).

13. Pursuant to 29 U.S.C. Section 1132(g)(2)(C), Plaintiffs are entitled to an amount equal to the greater of:

   (i) interest on the unpaid contributions; or

   (ii) liquidated damages provided for under the Trust Agreements not in excess of 20% of the amount that is due.

**WHEREFORE**, Plaintiffs pray for relief as follows:

A. That judgment be entered in favor of Plaintiffs and against Defendant in the amount of **$13,153.34** for amounts owed on the audit for the period of April 1, 2013 through June 30, 2018, and for unpaid liquidated damages through April 2017.

B. This Court enjoin KJ from violating the terms of the collective bargaining agreement and Trust Agreement by failing to make timely payments to the Funds and KJ be ordered to resume making those payments.

  C. Plaintiffs be awarded their costs herein, including reasonable attorneys' fees and costs incurred in the prosecution of this action, together with all liquidated damages that are owed.

  D. This Court grant Plaintiffs such other and further relief as it may deem appropriate under the circumstances.

## COUNT II

  14. Plaintiffs reallege and incorporate paragraphs 1 through 13 of Count I into Count II as if they were fully restated herein.

### The Claim

  15. KJ has failed to make contributions to the Plaintiffs for the work months of December 2018 to the present.

  16. KJ has also failed to timely make fringe benefit fund contributions in accordance with the due dates in the Labor Agreement, resulting in the imposition of contractually based liquidated damages in an amount not presently precisely ascertainable but will be known after KJ undergoes a fringe benefit contribution compliance audit for the period of July 1, 2018 to present.

  **WHEREFORE,** Plaintiffs pray for relief as follows:

  A. That KJ be ordered to produce books and records for a fringe benefit Fund contribution compliance audit for the period from July 1, 2018 through the present: and

  B. Judgment be entered against KJ and in favor of Plaintiffs, in the amount shown to be due based by the audit and the delinquent reports;

  C. That Plaintiffs be awarded their costs herein, including audit costs, interest, reasonable attorneys' fees and court costs incurred in the prosecution of this action, together with

liquidated damages not in excess of 20%, and any prior accumulated liquidated damages, all as provided in the Labor Agreement, Trust Agreements, and 29 U.S.C. Section 1132(g); and

    D.    Such other and further relief as the Court deems appropriate.

Respectfully submitted,

**TRUSTEES OF THE CHICAGO PAINTERS AND DECORATORS PENSION FUND, et al.,**

By: \_/s/ Brian C. James_____
       One of their Attorneys

DONALD D. SCHWARTZ
JAMES R. ANDERSON
BRIAN C. JAMES
ARNOLD AND KADJAN LLP
35 East Wacker Drive, Ste. 600
Chicago, Illinois 60601
(312) 236-0415